GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Jason Raya,<br><br>　　　　　Defendant. | No. CR-23-00568-001-PHX-DWL<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTION TO THE DRAFT PRESENTENCE REPORT** |

Defendant Jason Raya ("Defendant" or "Raya") pleaded guilty to Count 1 of the Indictment, Dealing Firearms Without a License. The United States recommends that Defendant receive a low-end Guideline sentence of imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR").[1] (ECF 45.) The United States agrees with the Draft PSR calculations resulting in a Final Offense Level of 18 and Criminal History Category ("CHC") I. (Draft PSR at ¶¶ 23, 27, and 62.) This results in a Guidelines range of 27-33 months' imprisonment. The United States's sentencing recommendation is supported by the following Memorandum of Points and Authorities.

---

[1] The United States will address Defendant's objection to the Guidelines below, which impacts the final sentencing range by which the government is bound.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Raya on April 11, 2023. (ECF 1.) Defendant Raya was arrested pursuant to a warrant, in California on July 14, 2023. (ECF 13.) Raya was released with conditions on July 18, 2023. (ECF 8.) Raya's release conditions included: not to commit any federal, state, or local crimes. (ECF 8 at p. 5.) On May 15, 2024, Defendant Raya pleaded guilty to Count 1 of the Indictment, Dealing Firearms Without a License, in violation of 18 United States Code §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). (ECF 36.) The facts giving rise to Raya's crime are detailed in the plea agreement and the Draft PSR. At the change of plea hearing, prior release conditions were affirmed. Raya's sentencing hearing was scheduled to occur on August 14, 2024. Prior to sentencing, a warrant for Raya's arrest for a pretrial release violation was executed on June 27, 2024. (ECF 41.) Raya was ordered detained for violating his pretrial release conditions, namely being arrested on state criminal charges. (ECF 44.) The details of the arrest on state charges, which gave rise to the violation of release conditions, are detailed in the Draft PSR. (ECF 45 at ¶ 31.)

## II.   UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION

Defendant Raya has filed an objection to the Draft PSR. (ECF 46.) Raya's objection is based on the Draft PSR not applying the three-level reduction for Acceptance of Responsibility. Because of Defendant Raya's June 2024 arrest, the Draft PSR states that Raya has not voluntarily terminated or withdrawn from criminal conduct, pursuant to U.S.S.G. § 3E1.1, comment (n.1B). (ECF 45 at ¶ 22.) Raya contends that the arrest was "unfortunate" but not criminal, and because he has not been charged with a crime, he should still receive the benefit of acceptance of responsibility. (ECF 46 at p. 2.)

There is little case law directly on point to this specific and rare fact pattern. *United States v. Jackson*, No. 05-CV-433, 2008 WL 2571353 (E.D. Texas June 26, 2008) is instructive. Defendant Jackson attempted to escape from custody after he

entered a change of plea and before he was sentenced. The probation officer did not afford Defendant Jackson the three-level reduction for acceptance of responsibility based on the theory that escaping or attempting to escape from custody is highly indicative of a defendant who has not accepted responsibility for his conduct as this behavior indicates such individuals are attempting to avoid responsibility for their acts, citing to U.S.S.G. § 3E1.1, comment (n.1b). The court in *Jackson* supported the probation officer's decision stating, "the guidelines do not require that such criminal conduct be charged or that a conviction be obtained. The probation officer feels the defendant's attempted escape is certainly an offense for which he could have been charged."

The government believes the Guideline calculations of a Final Offense Level of 18 and CHC I, resulting in a range of 27-33 months' imprisonment are accurate. However, unless the United States withdraws from the plea agreement, we are bound by the commitment made in the plea agreement to recommend a three-level reduction, pursuant to U.S.S.G. § 3E1.1. The government is not seeking to withdraw from the plea agreement. As such, the Final Offense Level the government is bound by is Level 15, with a CHC I, resulting in a range of 18-24 months' imprisonment. If the Court determines Raya does not meet the criteria set forth in U.S.S.G. § 3E1.1, then it is not bound by the government's recommendation in the plea agreement.

## III. UNITED STATES' SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Raya receive a low-end Guideline prison sentence. The government also recommends the term of incarceration be followed by a term of three-years' supervised release. The United States will dismiss Counts 2-21 of the Indictment.

### A. A Prison Sentence is Appropriate Pursuant to § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The

Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that a low-end Guidelines prison sentence for Defendant Raya is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). Defendant Raya engaged in Dealing Firearms Without a License, where he earned a profit for each firearm sold. 15 firearms were found in California and some in the possession of those who could not legally possess firearms. Defendant Raya committed a crime, for which he was arrested, while on release for the present case. The nature and circumstances of Defendant's actions justify a prison sentence.

### 2. Defendant's History and Characteristics

In the past dozen years, Defendant Raya has been arrested on four occasions, including while on release for the present offense. Raya does not appear to have any physical, mental, emotional, or substance abuse issues. Raya's conduct shows disrespect and a disregard for the law. A prison sentence is appropriate.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Selling firearms to individuals who have not been properly vetted is extremely dangerous. Defendant Raya's crime warrants a prison sentence.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A prison sentence is appropriate to deter Defendant from committing future crimes. The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Thus far, Defendant Raya has not been deterred from engaging in criminal conduct, as evidenced by his arrest while on release. Defendant Raya's sentence must be sufficient to deter him and other persons who engage in criminal conduct.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant Raya's conduct is serious, and a prison sentence is appropriate.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). From a review of the Draft PSR, it does not appear that Raya needs any drug, alcohol, and mental health treatment. However, if he would like to seek any treatment or vocational skills, he may do so in the Bureau of Prisons.

### B. Three Years of Supervised Release is Appropriate Pursuant to § 3583(c)

The United States recommends that Defendant Raya be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It will provide the structure necessary to ensure Raya remains law abiding. This will protect the public

from further crimes by Defendant Raya and, hopefully, deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

## IV. CONCLUSION

The United States recommends that Defendant Raya receive a sentence of imprisonment. The United States further recommends that Raya receive a term of three years' supervised release. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).


Respectfully submitted this 26th day of July, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

I hereby certify that, on July 26, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark T. Rumold
Counsel for Defendant Raya

*s/ J. Schesnol*
U.S. Attorney's Office